# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re | Chapter 11 |
| O.W. Bunker Holding North America Inc., *et al.*,[1] | NO. 14-51720 (AHWS) |
| Debtors. | Jointly Administered |
| WESTOIL MARINE SERVICES, INC., | ADVERSARY PROCEEDING |
| Plaintiff, | NO. 14-_____ |
| v. | |
| O.W. BUNKER NORTH AMERICA INC., | December 30, 2014 |
| Defendant. | |

## COMPLAINT

Westoil Marine Services, Inc. ("Westoil"), by and through its attorney, Edwards Wildman Palmer LLP ("Edwards Wildman"), complains of O.W. Bunker North America Inc. ("OW-NA") as follows:

## PARTIES

1.  Westoil is a California corporation conducting business and having offices at Terminal Island, California. Westoil is engaged in the business of transporting petroleum

---

[1] The last four digits of the Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158) and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Blvd., 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

AM 44429126.1

products and providing other marine transportation services and is the owner and operator of the fuel barges DAVID FANNING, ANNE ELIZABETH, and HANNAH 2801, which operate out of Terminal Island, California.

2. OW-NA is a Connecticut corporation with a principle place of business at 2 Stamford Plaza, 15th Floor, 281 Tresser Blvd., Stamford, CT 06901. OW-NA is a distributor of marine fuel.

## JURISDICTION AND VENUE

3. The Court has subject jurisdiction matter of this adversary proceeding under 28 U.S.C. § 1334(b). This adversary proceeding relates to the jointly administered Chapter 11 cases captioned *In re O.W. Bunker Holding North America, Inc., et al,* Case No. 14-51720 (AHWS), pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court").

4. Venue is proper under 28 U.S. C. § 1409.

5. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (K). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. The Bankruptcy Court has personal jurisdiction over OW-NA because it maintains a principle place of business in this judicial district and is a Chapter 11 debtor in the above-captioned proceeding in this judicial district.

## BACKGROUND

7. OW-NA filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on November 13, 2014 (the "Petition").

8. Prior to its bankruptcy filing in these consolidated proceedings, Westoil and OW-NA were parties to a business relationship evidenced by a Contract of Affreightment dated January 17, 2014, pursuant to which OW-NA contracted with Westoil for Westoil to deliver fuel oil to vessels to whom OW-NA had arranged for the sale of fuel, using one or more of Westoil's fuel barges.

9. Prior to the filing of the Petition by OW-NA, OW-NA requested that Westoil pick up at the Vopak Terminal fuel oil cargo known as MGO and RMB (the "Vopak Oil Cargo"), for delivery to one or more vessels. Westoil took delivery of the Vopak Oil Cargo on the barge ANNE ELIZABETH, and subsequently transferred that product to the DAVID FANNING, and in turn some of the product was transferred to the HANNAH 2801.

10. After the filing of OW-NA's Petition, neither OW-NA nor any of the related debtor entities provided Westoil with instructions with respect to delivery of the Vopak Oil Cargo until after entry of the Sale Approval Order.

11. When OW-NA, pre-bankruptcy, requested that Harley load the Vopak Oil Cargo onto Westoil's tank barges, and when the Vopak Oil Cargo subsequently was so loaded and

freight and transportation services commenced, the Westoil barges onto which the Vopak Oil Cargo had been loaded immediately acquired a maritime possessory lien for freight charges against the Vopak Oil Cargo, which liens continued in existence post-petition through the date of the sale of the Vopak Oil Cargo and its ensuing delivery to the buyer of the Vopak Oil Cargo.

12. Following the closing of the sale of the Vopak Oil Cargo, the debtors deposited the sum of $367,726.90 into a trust account with Edwards Wildman pursuant to the terms of the Sale Approval Order. Under the terms of the Sale Approval Order, Westoil's general maritime lien rights against the Vopak Oil Cargo attach to these proceeds from the sale on deposit in the Edwards Wildman trust account.

13. The Vopak Oil Cargo was off-loaded from the DAVID FANNING and the HANNAH 2801 on December 13 and 14, 2014, respectively, when it was delivered to the buyer of the Vopak Oil Cargo.

14. Westoil's maritime lien claim exceeds the amount of $367,726.90 on deposit in the Edwards Wildman trust account, and actually totals $448,219.90, calculated as follows:

(a) On November 8, 2014, OW delivered 175 barrels of fuel oil to the barge ANNE ELIZABETH, which represents 11.5% of the capacity of the ANNE ELIZABETH. On November 14, 2014, that cargo was offloaded from the ANNE ELIZABETH to the DAVID FANNING because the ANNE ELIZABETH received no delivery instructions from OW-NA and needed to open up the space for other cargo. The ANNE ELIZABETH cargo was added to OW-NA supplied cargo located on the DAVID FANNING. The demurrage charges for the cargo on the ANNE ELIZABETH total $13,590 (five days from November 9 to November 13 –

120 hours x $550 per hour = $66,000 x 11.5% of capacity = $7,590 plus $6,000 holiday surcharge at $250 per hour x 24 hours).

(b) On November 6, 2014, OW-NA delivered fuel oil to the barge DAVID FANNING, which represented 100% of the capacity of the DAVID FANNING. On November 9, 2014, the heavy fuel portion of that cargo was offloaded from the DAVID FANNING to the HANNAH 2801 because the DAVID FANNING received no delivery instructions from OW-NA and needed to open up the space for other cargo (this transfer consolidated all of the heavy fuel provided by OW-NA onto the HANNAH 2801). The demurrage charges for the cargo on the DAVID FANNING for the five days from November 9 to November 13 total $35,200 (64 hours x $550 per hour).

(c) The remaining fuel oil on the DAVID FANNING, from November 9 to December 13 when it was offloaded, represents 33% of the capacity of the DAVID FANNING. The demurrage charges for these days (830 hours x $550 = $456,500, x 33% capacity) total $150,645, plus $12,000 holiday surcharges for Veterans Day and Thanksgiving = $162,645.

(d) The fuel on the HANNAH 2801 incurred demurrage from November 9 through December 14, for total hours of 841 x $550 = $462,550 x 40% capacity = $185,020 plus the holiday surcharge for the two holidays of $12,000 = $197,020.

(e) In addition to the demurrage owing as set forth in subsections (a) to (d) above, the amount owing to transfer fuel from the ANNE ELIZABETH to the DAVID FANNING totals $3,000, and from the DAVID FANNING to the HANNAH 2801 totals $11,786.67 plus a fuel surcharge of $1,072, and the price per the tariffs to offload the fuel from

the HANNAH 2801 totals $11,786.67 ($1.35 x 8730.87 barrels) together with a fuel surcharge in the amount of $1,072.59; and the price per the tariff rates to offload the fuel from the DAVID FANNING totals $10,125 ($1.35 x 7500 bbls) together with a fuel surcharge in the amount of $921.38

15. Westoil has made repeated requests to the debtors that they stipulate to the release of the $367,726.90 on deposit in the Edwards Wildman trust account in payment of Westoil's maritime lien claim. The debtors have ignored and refused to respond to all such requests.

### DECLARATORY RELIEF — GENERAL MARITIME LIEN CLAIM

16. At all times from the loading of the Vopak Oil Cargo onto Westoil's barges through the discharge of that cargo on December 13 and 14, 2014, Westoil held a possessory maritime lien against the Vopak Oil Cargo. Under the terms of the Sale Approval Order, upon the closing of the sale of the Vopak Oil Cargo and deposit of the sum of $367,720.90 into the Edwards Wildman trust account, Westoil's maritime lien claim attached to said proceeds in the same rank, priority, and amount as existed when those liens first attached to the Vopak Oil Cargo. Westoil is entitled to and order and decree by this Court so providing, and to an immediate disbursement of the $367,720.90.

WHEREFORE, Westoil prays for relief as follows:

A. For entry of an order and decree that (a) at the time the debtors closed their sale of the Vopak Oil Cargo (as that term is defined at paragraph 30 of Order issued by the Bankruptcy Court on December 8, 2014, under Dkt. No. 147) (the "Sale Approval Order"), Westoil held a maritime possessory lien for freight charges against 3,214 gross barrels of MGO in two separate

holds (4P and 4S) on the tank barge DAVID FANNING, and 8,730 barrels of RMG in four separate holds (2P, 2S, 5P, and 5S) on the barge HANNAH 2801, securing a first position maritime lien for freight charges against the $367,726.90 on deposit in the Edwards Wildman Trust Account, that (b) Westoil is entitled to be paid said $367,726.90, and that (c) the Court should issue an order directing Edwards Wildman to immediately disburse to Westoil the total sum of $367,726.90 on deposit in its trust account.

      B.      For the costs and attorney's fees incurred by Westoil as may be allowed by law; and

      C.      For such other and further relief as is just and equitable.

DATED this 30th day of December, 2014.

                          WESTOIL MARINE SERVICES, INC.

                          By: */s/ Tara L. Trifon*
                              Tara L. Trifon (ct28415)
                              Edwards Wildman Palmer LLP
                              20 Church Street
                              Hartford, CT  06103
                              Telephone: (860) 525-5065
                              Facsimile:  (860) 527-4198
                              Email:ttrifon@edwardswildman.com